JOSIAH M. FAVILL, Respondent, *v.* C. LAWRENCE PER-
KINS, Appellant.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Evidence. Agency.*—Parol evidence of private instructions given by the
defendant to his agent, not reported to the plaintiff, is inadmissible
to vary a written contract.

Appeal from an order granting plaintiff a new trial.

*Olin, Rives & Montgomery,* for appellant.

*Rufus O. Catlin,* for respondent.

BARNARD, P. J.—The order setting aside the verdict of
the jury ought to be affirmed on two grounds. Evidence
was given tending to show an absolute contract to convey
certain freight at a certain price. The contract was made
by the shipping clerk of the defendant. It was finally re-
duced to writing and signed by the plaintiff. The defend-
ant was permitted to prove that he told his clerk when the
contract was shown to him to get an extension of time to
deliver the freight until the 3d of September, 1887, the
contract calling for a delivery in August, 1887, "If the
vessel should arrive here, so that we could deliver the rails
to him by September 3." There was no proof that the clerk
ever reported the instructions to the plaintiff. It was not
inserted in the paper, and the paper was without this condi-
tion being entered in it. The clerk was sent to make this
contract, and he made it for the principals. An instruction
given to him to make it conditional never communicated to
the plaintiff and never agreed to by him was improperly
received. The verdict was so entirely against the evidence
as to call upon the court to set it aside. The agreement is
in its terms absolute. It was not performed by the defend-
ant. The plaintiff was damaged. There was not the slight-

33

est proof that the agreement was in fact subject to a condition. There is proof tending to show that a breach of the contract by the defendant was occasioned by the fall in freight. The owners of the iron, by their manager, instructed the defendant that the contract was an option, and that as the iron did not arrive in time to deliver it to the plaintiff by the third of September, the option had expired, and he proposed to take advantage of the lower rate, except that he would allow the plaintiff five cents per pound higher than the market rate. If there was no condition, there was no option, and the reason assigned was only a pretense to break the contract.

The order setting aside the verdict should therefore be affirmed, with costs of the appeal.

PRATT, J., concurs.